**STATE OF WEST VIRGINIA**

**FILED**

December 11, 2020

**EDYTHE NASH GAISER**, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**JEREMY BOWER,**
**Claimant Below, Petitioner**

**vs.)**    **No. 19-0854** (BOR Appeal No. 2054061)
                          (Claim No. 2017022875)

**SPARTAN MINING CO.,**
**Employer Below, Respondent**

**MEMORANDUM DECISION**

Petitioner Jeremy Bower, by Counsel Reginald D. Henry, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Spartan Mining Company, by Counsel Sean Harter, filed a timely response.

The issue on appeal is compensability. The claims administrator rejected the claim on October 19, 2017. The Workers' Compensation Office of Judges ("Office of Judges") reversed the decision in its February 13, 2019, Order and held the claim compensable for bilateral carpal tunnel syndrome. The Order was reversed by the Board of Review on August 26, 2019, and the claims administrator's rejection of the claim was reinstated.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Bower, a coal miner, alleges that he developed carpal tunnel syndrome in the course of and resulting from his employment. On December 7, 2016, he completed a Disability Determination Section for Social Security Disability benefits indicating he suffered from aortic aneurysm, high blood pressure, back pain, neck pain, bulged disc, major affective illness, depression, severe anxiety, sleeping problems, and nightmares. Mr. Bower suffered an occupational injury in May of 2016 to his cervical spine. On December 22, 2016, Michael Kominsky, D.C., performed an EMG for neck and bilateral arm pain. The EMG showed median nerve neuropathy consistent with right carpal tunnel syndrome.

1

The Employees' and Physicians' Report of Injury, completed on February 27, 2017, indicates Mr. Bower developed carpal tunnel syndrome with a date of last exposure of December 12, 2016. Mr. Bower stated that his job duties included pulling cable, hanging wire, using power tools, and fixing equipment. The physicians' section was completed by Dr. Kominsky, who diagnosed bilateral carpal tunnel syndrome as a result of repetitive flexion and extension.

Dr. Kominsky completed a June 22, 2017, carpal tunnel syndrome report in which he stated that Mr. Bower was not previously diagnosed with carpal tunnel syndrome. He also had no prior hand or wrist injuries. Dr. Kominsky asserted that Mr. Bower's prior neck sprain had resolved. He opined that Mr. Bower's carpal tunnel syndrome affected his right hand/wrist. The claims administrator rejected the claim on October 19, 2017. It stated that Mr. Bower's symptoms had worsened since he stopped working and his job duties were not repetitive in nature.

Marsha Bailey, M.D., performed an independent medical evaluation on November 16, 2017, in which she noted that Mr. Bower reported that his symptoms had worsened since he stopped working. Dr. Bailey reviewed his job duties and examined Mr. Bower. Dr. Bailey diagnosed bilateral carpal tunnel syndrome, unrelated to his job duties. She noted that Mr. Bower's symptoms had progressed after he ceased working, indicating the carpal tunnel syndrome is not the result of his job duties. Dr. Bailey further found that his work activities were variable and unrepetitive. Therefore, Mr. Bower was not engaged in the type of repetitive, forceful activities shown to cause carpal tunnel syndrome. Dr. Bailey opined that Mr. Bower's carpal tunnel syndrome was the result of his personal risk factor of obesity.

Prasadarao Mukkamala, M.D., performed a record review on June 4, 2018, in which he opined that Mr. Bower's carpal tunnel syndrome is not work-related. He agreed with Dr. Bailey's finding that Mr. Bower's carpal tunnel syndrome symptoms had worsened since he ceased working, which indicates the condition is not work-related. Dr. Mukkamala also noted that Mr. Bower did not miss any work due to carpal tunnel syndrome until he ceased working. Dr. Mukkamala found that Mr. Bower was significantly obese, which likely caused the carpal tunnel syndrome.

Dr. Kominsky performed an independent medical evaluation on June 21, 2018, in which he reviewed Mr. Bower's job duties and performed an examination. Dr. Kominsky concluded that Mr. Bower suffered from carpal tunnel syndrome solely resulting from his work duties. On July 17, 2018, Bruce Guberman, M.D., performed an independent medical evaluation in which he found that Mr. Bower's work required awkward wrist positioning, forceful use of the hands and arms, and exposure to vibration. Dr. Guberman diagnosed bilateral carpal tunnel syndrome.

Mr. Bower testified in an August 27, 2018, deposition that his job duties included fixing equipment, supervising, and computer work. He was required to use ratchets, heavy impact guns, hammers, torque wrenches, and sledgehammers. Mr. Bower asserted that he performed repetitive motion work four days a week. He also asserted that his symptoms did not worsen after he ceased working.

In a September 12, 2018, letter, Dr. Kominsky opined that Mr. Bower was a coal miner for several years and that his job duties put him at high risk for carpal tunnel syndrome. His job tasks resulted in damage to the median nerve. Dr. Kominsky asserted that Dr. Bailey cited several outdated carpal tunnel syndrome studies while arriving at her conclusion that obesity caused Mr. Bower to develop carpal tunnel syndrome. Dr. Kominsky stated that he has been an occupational physician for thirty years, and it is his opinion that body mass does not cause an increased chance of developing carpal tunnel syndrome. Dr. Kominsky opined that Mr. Bower suffers from severe carpal tunnel syndrome, which is typically associated with occupational causes. Dr. Kominsky concluded that Mr. Bower would not have developed carpal tunnel syndrome if not for his occupational duties.

Syam Stoll, M.D., performed an independent medical evaluation on September 13, 2018, in which he found after examination that Mr. Bower did not have carpal tunnel syndrome. Dr. Stoll stated that his symptoms were consistent with ulnar neuropathy. He found insufficient evidence of occupationally related carpal tunnel syndrome. He opined that Mr. Bower's work duties did not put him at a higher risk of developing the disease, and his symptoms did not improve when he ceased working, indicating his carpal tunnel syndrome is not work-related. Dr. Stoll noted that Mr. Bower's obesity and cervical spondylosis were comorbidities known to cause or contribute to carpal tunnel syndrome.

In its February 13, 2019, Order, the Office of Judges reversed the claims administrator's rejection of the claim and held the claim compensable for bilateral carpal tunnel syndrome. The Office of Judges concluded that the evidence shows that Mr. Bower has bilateral carpal tunnel syndrome. Drs. Kominsky, Bailey, Mukkamala, and Guberman all diagnosed the condition. The only physician of record to find no evidence of bilateral carpal tunnel syndrome was Dr. Stoll, whose opinion was found to be unreliable. The Office of Judges next addressed causality. It found that Dr. Kominsky, Mr. Bower's treating physician, opined that his carpal tunnel syndrome is the result of his work duties. Dr. Guberman also found that Mr. Bower's carpal tunnel syndrome was caused by his repetitive work duties. The Office of Judges found the opinions of Drs. Kominsky and Guberman to be persuasive. West Virginia Code of State Rules § 85-20-41.5 provides that workers who performed high force, repetitive manual movements are at high risk for the development of carpal tunnel syndrome. It found that the evidence shows Mr. Bower's job required repetitive, excessive flexion and extension of the hands and wrists. Mr. Bower testified at deposition that his job required he use sledgehammers, vibratory tools, and high-impact tools. Drs. Kominsky and Guberman opined that his carpal tunnel syndrome resulted from his employment. The Office of Judges found their opinions to be supported by the record and reliable.

The Office of Judges found that the employer's argument rests on the opinions of Drs. Bailey, Mukkamala, and Stoll, who all found that Mr. Bower does not suffer from occupationally related carpal tunnel syndrome. The Office of Judges found that Drs. Bailey and Mukkamala opined that Mr. Bower's work was varied and nonrepetitive. Dr. Stoll found that his work as an electrician did not put him at high risk of carpal tunnel syndrome. The Office of Judges found that Mr. Bower's testimony that he performed repetitive manual movements was more persuasive than the opinions of Drs. Bailey, Mukkamala, and Stoll. The Office of Judges further found that the record does not contain a persuasive nonoccupational cause for Mr. Bower's bilateral carpal tunnel

3

syndrome. The Office of Judges concluded that Dr. Kominsky disputed a causal connection between obesity and carpal tunnel syndrome. He also noted that Dr. Bailey relied on outdated studies. The Office of Judges ultimately concluded that Mr. Bower's carpal tunnel syndrome resulted from his employment duties.

The Board of Review reversed the Office of Judges' Order and reinstated the claims administrator's rejection of the claim on August 26, 2019. It found that Mr. Bower testified that he ceased working in May of 2016 because he injured his back. He stated that his job involved computer work for at least two hours per day and working on equipment when it broke down. Mr. Bower testified that he first sought treatment in December of 2016. The Board of Review noted that Dr. Bailey opined that if his carpal tunnel was work related, his symptoms would have improved or stabilized when he ceased working. However, Mr. Bower's symptoms worsened after he stopped working. Dr. Bailey found that his work was highly variable and not repetitive, continuous, highly forceful, or involved awkward positioning. She therefore concluded that carpal tunnel syndrome was the result of Mr. Bower's personal risk factor of obesity. The Board of Review also noted that Dr. Mukkamala agreed with Dr. Bailey's opinion. The Board concluded that Mr. Bower failed to establish a causal connection between his work duties and his employment.

After review, we agree with the reasoning and conclusions of the Board of Review. While Mr. Bower's job duties required him to use wrenches, hammers, and impact tools, he testified that he only performed those tasks when equipment broke. His job also involved supervising, and Mr. Bower spent at least two hours a day doing computer work. Though Mr. Bower testified that his job required forceful, repetitive movements, Drs. Bailey and Mukkamala concluded that the job duties were not sufficient to cause carpal tunnel syndrome. The Board of Review correctly found their opinions to be more reliable than Mr. Bower's testimony. Further, his symptoms worsened after he ceased working, indicating that the condition is not related to his job duties.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it so clearly wrong based upon the evidentiary record that even when all inferences are resolved in favor of the Board of Review's findings, reasoning and conclusions, there is insufficient support to sustain the decision. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED: December 11, 2020**


**CONCURRED IN BY:**

Chief Justice Tim Armstead
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison

**DISSENTING:**

Justice Margaret L. Workman